UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

TONYA JONES,

   Plaintiff,

v.

ENHANCED RECOVERY COMPANY.

   Defendant.

CIVIL CASE  4:17-cv-00234

JURY TRIAL DEMANDED

# COMPLAINT

NOW COMES the Plaintiff, TONYA JONES ("Plaintiff"), by and through her undersigned counsel, complaining of the Defendant, ENHANCED RECOVERY COMPANY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District and Defendant's conduct harmed Plaintiff in this District.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Southern District of Indiana.

5. Defendant is a foreign limited liability company with its principal place of business located at 8014 Bayberry Road, Jacksonville, Florida 32256. Defendant's registered agent in Indiana is CT Corporation System located at 150 West Market Street, Suite 800, Indianapolis, Indiana 46204. Defendant's principal purpose is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumer across the United States.

## FACTS SUPPORTING CAUSES OF ACTION

6. In 2014, Plaintiff received cellular phone services from T-Mobile for personal purposes.

7. Plaintiff fell behind on her payments to T-Mobile and accumulated a debt of approximately $1,200 to T-Mobile ("subject debt").

8. Upon information and belief, Defendant acquired the subject debt in May 2017.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 8640.

10. Starting in May 2017, Defendant began placing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

11. Defendant's collection calls were placed from the number (800) 861-9741.

12. Plaintiff has never provided her cellular phone number to Defendant.

13. Shortly after the collection calls began, Plaintiff picked up the phone and requested that Defendant cease collection calls to her cellular phone. Moreover, Plaintiff requested that Defendant place her number on the "Do Not Call" list.

14. Notwithstanding Plaintiff's request that Defendant cease calls to her cellular phone, Defendant continued to place collection calls to Plaintiff's cellular phone.

15. In October 2017, Plaintiff answered a phone call from Defendant and again requested that Defendant cease calls to her cellular phone. In response, Defendant's representative told Plaintiff "you ain't nothing but a bitch."

16. Shortly thereafter, Defendant started masking its number when placing calls to Plaintiff's cellular phone. Specifically, Defendant started placing calls from an "unknown" number instead of the (800) 861-9741 that would previously show up on Plaintiff's caller ID.

17. On November 13, 2017, Plaintiff answered a call from Defendant. In that phone call, Defendant, in an effort to mask its identity, identified itself as "Accounts Receivable." Plaintiff again requested that Defendant cease calls to her cellular phone and place her number on the "Do Not Call" list.

18. In another phone called answered by Plaintiff, Plaintiff again requested that the calls cease. In response, Defendant's representative stated that the collection calls will continue until the subject debt is paid.

19. Plaintiff's repeated requests that the calls cease fell on deaf ears and the collections calls persisted.

20. Between May 2017 through December 12, 2017, Defendant placed no less than 50 phone calls to Plaintiff's cellular phone.

21. In that time period, Defendant placed up to 3 calls in a 24 hour period with some calls taking place after 9 p.m.

22. In total, Plaintiff requested that Defendant cease calls to her cellular phone on no less than 10 occasions during the calls that Plaintiff answered.

23. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

24. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

## DAMAGES

25. The frequency of Defendant's calls to Plaintiff's cellular phone have severely disrupted Plaintiff's everyday life and general well-being.

26. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, decreased work productivity, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

27. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

28. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

31. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

32. Upon information and belief, based on the pause and lack of a prompt human response during the calls Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular phone.

33. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

34. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

35. Defendant violated the TCPA by placing no less than 50 calls to Plaintiff's cellular phone between May 2017 and the present day, using an ATDS without her consent.

36. As pled above, Plaintiff never provided Defendant with her cellular phone number nor otherwise consented to receive calls from Defendant to her cellular phone.

37. Furthermore, as pled above, Plaintiff requested that Defendant cease its calls to her cellular phone on multiple occasions to no avail.

38. As pled above, Plaintiff was substantially harmed by Defendant's collection calls to her cellular phone.

39. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, TONYA JONES, requests that this Honorable Court:

a. Enter an order enjoining Defendant from placing calls to Plaintiff's cellular phone;

b. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

c. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

d. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

42. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

43. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

44. Defendant violated 15 U.S.C. §§1692c(a)(1), d, f, and g through its debt collection efforts.

### a. Violations of FDCPA §1692c(a)(1)

45. Defendant violated §1692c(a)(1) by placing calls to Plaintiff's cellular phone after 9:00 p.m.

### b. Violations of FDCPA §1692d

46. Defendant violated §1692d by employing harassing, oppressive, and abusive methods in order to collect the subject debt from Plaintiff.

47. Defendant violated §1692d(2) by using profane language directed at Plaintiff during the phone call outlined in Paragraph 15.

48. Defendant violated §1692d(6) by failing to disclose its identity during the phone call outlined in Paragraph 17.

49. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring more than 50 times between May 2017 and the present in its attempts to collect the subject debt.

### c. Violations of FDCPA §1692f

50. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debt from Plaintiff by placing no less than 50 collection calls to Plaintiff's cellular phone, and continuing to place such calls after Plaintiff requested that the calls cease.

51. Defendant violated §1692f(1) when it placed calls to Plaintiff's cellular phone without Plaintiff's consent and continued calling Plaintiff's cellular phone after Plaintiff requested that the calls cease. Specifically, the TCPA prohibits calls placed to a cellular phone without the prior express consent of the called party. Here, Plaintiff never provided Defendant with consent to be called on her cellular phone and also demanded that Defendant's calls cease. Accordingly, Defendant's phone calls to Plaintiff's cellular phone were not permitted by law.

### d. Violations of FDCPA §1692g

52. Defendant violated §1692g by failing to send Plaintiff a 30-day validation notice within five days of its initial communication with Plaintiff in May 2017.

53. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE** Plaintiff, TONYA JONES, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 13, 2017                                          Respectfully Submitted,

                                                                  /s/ Mohammed O. Badwan

                                                                  Mohammed O. Badwan, Esq.
                                                                  *Counsel for Plaintiff*
                                                                  Sulaiman Law Group, Ltd.
                                                                  2500 S. Highland Ave., Ste. 200
                                                                  Lombard, IL 60148
                                                                  Phone (630) 575-8180
                                                                  Fax (630) 575-8188