UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| **TONYA JONES,** | : CASE NO. 4:17-cv-00234-RLY-DML |
| **Plaintiff,** | : |
| vs. | : |
| **ENHANCED RECOVERY COMPANY, LLC,** | : |
| | : **Electronically Filed** |
| **Defendant.** | : |

## ANSWER TO COMPLAINT

Defendant Enhanced Recovery Company, LLC ("Defendant") answers Plaintiff Tonya's Complaint as follows:

## NATURE OF ACTION

1. Defendant admits that Plaintiff has brought this action under Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692. Defendant further states that it denies any liability under aforementioned statutes.

## JURISDICTION AND VENUE

2. The allegation that this Court has jurisdiction is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies Plaintiff has standing to bring the claims alleged, and therefore, denies that this Court has subject matter jurisdiction over the claims.

3. Defendant admits that venue is proper in this District, but denies committing any act or omission giving rise to Plaintiff's claims.

## PARTIES

4. Plaintiff's allegation that she is a "consumer" is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies the allegation. Defendant admits the allegation that Plaintiff is a natural person. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits that its principal office is located at 8014 Bayberry Road, Jacksonville, Florida. Defendant further admits that it is in the business of collecting consumer debts for others throughout the country, including in Indiana.

## FACTS SUPPORTING CAUSES OF ACTION

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits that in May 2017, it was retained by its client to collect a debt from Plaintiff.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff asked that she be placed on the Do Not Call List on November 8, 2017. Defendant further admits that it cease contacting Plaintiff after November 8, 2017.

14. Defendant admits that Plaintiff asked that she be placed on the Do Not Call List

on November 8, 2017.  Defendant denies that it contacted Plaintiff after November 8, 2017.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant admits the allegations in paragraph 20 of the Complaint.

21. Defendant admits that on two occasions, Defendant contacted Plaintiff three times.  Defendant denies that it contacted Plaintiff after 9 p.m. at any time.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff has retained counsel.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 28 of the Complaint.

**COUNT I – VIOLATIONS OF THE TELEPHNE CONSUMER PROTECTION ACT**

29. Defendant incorporates its responses to paragraphs 1 through 29 as though fully set forth herein.

30. Defendant denies that it violated the TCPA as that section is described in 30 of the Complaint.

31. Defendant denies that it violated the TCPA as that section is described in 31 of

the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies that it violated the TCPA as that section is described in 33 of the Complaint.

34. Defendant denies that it violated the TCPA as that section is described in 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant admits that Plaintiff did not provide Defendant with her cell phone number.  Defendant denies the remainder of the allegations in paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff asked that she be placed on the Do Not Call List on November 8, 2017.  Defendant further admits that it cease contacting Plaintiff after November 8, 2017.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint and denies Plaintiff is entitled to the requested relief.

**COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

40. Defendant incorporates its responses to paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff's allegation that she is a statutorily defined "consumer" is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegation.

42. Whether the subject debt is a "debt" as defined by FDCPA §1692a(5) is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegation.

43. Defendant admits the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant denies the allegations in paragraph 53 of the Complaint and denies Plaintiff is entitled to the requested relief.

## **DEFENDANT'S DEFENSES, INCLUDING AFFIRMATIVE DEFENSES**

## **GENERAL DENIAL**

Defendant denies all allegations of the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Plaintiff's claims against Defendant must be dismissed because Plaintiff has not suffered an injury-in-fact, and therefore, lacks standing to assert the claims in the Complaint.

### **Second Affirmative Defense**

Plaintiff's claims against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. must be dismissed because any alleged violation was the result of a bona fide error notwithstanding the maintenance of procedures to prevent such errors.

### **Third Affirmative Defense**

4822-7123-7978.1

Defendant states that it has exercised due diligence and relied in good faith on the representations of others, and is not aware of and had no way of becoming aware of any alleged wrongdoing or omissions.

### Fourth Affirmative Defense

Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant.

### Fifth Affirmative Defense

Defendant alleges that the award of statutory penalties against Defendant would violate the prohibition against excessive fines of the United States Constitution.

### Sixth Affirmative Defense

Defendant alleges that Plaintiff consented to the acts and events set forth in the Complaint at all times alleged herein.

### **CLAIM FOR ATTORNEY'S FEES**

On information and belief, this action was brought against, or has been continued against, ERC in bad faith and for the purposes of harassment, and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(3).

Dated:  January 8, 2018					Respectfully Submitted


						By: */s/ Patrick B. Healy*
						      Patrick B. Healy 29536-78

Lewis Brisbois Bisgaard & Smith LLP
909 Wright's Summit Pkwy., Ste. 230
Ft. Wright, KY 41011
Telephone:   859-663-9830
Facsimile:    859-663-9829
Email: Patrick.Healy@lewisbrisbois.com
*Attorney for Defendant*
*Enhanced Recovery Company, LLC*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer was served upon the following counsel of record on January 8, 2018, via the Court's electronic filing system.

>Mohammed Omar Badwan, Esq.
>Sulaiman Law Group, Ltd.
>2500 S. Highland Ave, Suite 200
>Lombard, Illinois 60148
>(630) 575-8180 (phone)
>(630) 575-8188 (fax)
>mbad@sulaimanlaw.com
>*Counsel for Plaintiff*

						*/s/ Patrick B. Healy*
						Patrick B. Healy 29536-78

LEWIS BRISBOIS BISGAARD & SMITH LLP
909 Wright's Summit Pkwy., Ste. 230
Ft. Wright, KY 41011
Telephone:	859-663-9830
Facsimile:	859-663-9829
Email: Patrick.Healy@lewisbrisbois.com

*Counsel for Defendant*
*Enhanced Recovery Company, LLC*

4822-7123-7978.1