**STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION**

| | |
|---|---|
| TONYA JONES, | CASE NO. 4:17-cv-00234-RLY-DML |
| Plaintiff, | |
| vs. | |
| ENHANCED RECOVERY COMPANY, LLC, | Electronically Filed |
| Defendant. | |

**JOINT PROPOSED JURY INSTRUCTIONS**[1]

---

[1] The Parties are in agreement with respect to the majority of the jury instructions. With respect to the jury instructions in dispute, the Parties have each submitted a proposed version.

## Proposed Jury Instruction No. 1

Members of the Proposed Jury, you have seen and heard all the evidence, and you are about to hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. You must also continue to follow the instructions that I gave you at the start of the trial that you may not communicate about the case or about people involved in the case with anyone other than your fellow jurors until after you have returned your verdict.

Perform these duties fairly and impartially. Each party to the case, whether the party is an individual, a partnership, or a corporation, is entitled to the same fair consideration. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, age, or sex.

Nothing I am saying now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## **Proposed Jury Instruction No. 2**

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence, and stipulations. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on that fact, regardless of who offered the evidence.

You must make your decision based on what you recall of the evidence. You will not have a written transcript of the testimony to consult.

**<u>Proposed Jury Instruction No. 3</u>**

Certain things are not evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence, and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

4818-1056-6325.3

## **Proposed Jury Instruction No. 4**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

4818-1056-6325.3

## Proposed Jury Instruction No. 5

If after considering all of the evidence you are satisfied that the Plaintiff has carried her burden on each essential point as to which she has the burden of proof, then you must find for the Plaintiff on her claims.

On the other hand, if after considering all of the evidence you conclude Plaintiff has failed to carry her burden of proof on a single essential point as to which she has the burden of proof , then you must find for ERC.

## Proposed Jury Instruction No. 6

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, so long as they are based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

You are to consider both direct and circumstantial evidence. The law allows you to give equal weight to both types of evidence, but it is up to you to decide how much weight to give to any evidence in the case.

## Proposed Jury Instruction No. 7

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the reasonableness of the witness's testimony in light of all the evidence in the case; and

- any inconsistent statements or conduct by the witness.

**<u>Proposed Jury Instruction No. 8</u>**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses to be more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

## Proposed Jury Instruction No. 9

This is a civil case and as such the Plaintiff has the burden of proving her claims by a preponderance of the evidence.

**Proposed Jury Instruction No. 10**

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

## **Proposed Jury Instruction No. 11**

If after considering all of the evidence you are satisfied that Ms. Jones has carried her burden on each essential point as to which she has the burden of proof, then you must find for Ms. Jones on her claims.

On the other hand, if after considering all of the evidence you conclude Ms. Jones has failed to carry her burden of proof on a single essential point as to which she has the burden of proof, then you must find for ERC.

## Proposed Jury Instruction No. 12

As you know, the plaintiff in this case is Tonya Jones. The defendant in this case is Enhanced Recovery Center, LLC. I will refer to the defendant as ERC.

Ms. Jones claims that ERC violated the Fair Debt Collection Practices Act, a federal law that governs the collection of consumer debt. The Fair Debt Collection Practices Act is commonly referred to as the "FDCPA." If you hear the attorneys mention the "FDCPA", they are referring to the Fair Debt Collection Practices Act.

## Proposed Jury Instruction No. 13

## (Disputed)

### ERC Proposed Instruction:

The FDCPA is a strict liability statute; a debt collector need not be deliberate, reckless, or even negligent to trigger liability. *Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 646 (7th Cir. 2009). In other words, Ms. Jones does not have to prove that ERC's actions were deliberate, reckless, or even negligent for you to find ERC liable under the FDCPA

## Proposed Jury Instruction No. 13

### (Disputed)

**Ms. Jones' Proposed Instruction:**

Congress expressly found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788, at *3 (N.D. Ill. 1999) *citing* 15 U.S.C. §1692(a). The FDCPA is a consumer protection statute designed to "eliminate abusive debt collection practices by debt collectors." *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 639 (7th Cir. 2014). Congress passed the FDCPA to "eliminate the many evils associated with debt collection."[2] *Bentrud v. Bowman, Heintz, Bosica & Vician, P.C.,* 794 F.3d 871, 874 (7th Cir. 2015).

The FDCPA is a strict liability statute; a debt collector need not be deliberate, reckless, or even negligent to trigger liability. *Wahl v. Midland Credit Mgmt.,* 556 F.3d 643, 646 (7th Cir. 2009). In other words, Ms. Jones does not have to prove that ERC's actions were deliberate, reckless, or even negligent for you to find ERC liable under the Fair Debt Collection Practices Act.

---

[2] *See* Court's ruling on ERC's Motion for Summary Judgment. [Dkt. 55, pg. 3]

# Proposed Jury Instruction No. 14

## (Disputed)

**ERC's Proposed Instruction:**

Ms. Jones alleges that ERC violated Section 1692d of the FDCPA, which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt. 15 U.S.C. §1692d.

In order to find that ERC violated Section 1692d, you must determine that Ms. Jones proved by a preponderance of the evidence that the natural consequence of ERC's phone calls was to harass, oppress, or abuse. In deciding whether the natural consequence was to harass, oppress, or abuse, you should not focus on ERC's intent but on the practical effect on the person on the receiving end of ERC's calls. *Id.* If you find that ERC did not engage in any harassing, oppressing or abusing conduct when it attempted to collect a debt from Plaintiff, then you must rule in favor of ERC.

## Proposed Jury Instruction No. 14

### (Disputed)

**Ms. Jones' Proposed Instruction:**

Ms. Jones alleges that ERC violated Section 1692d of the FDCPA, which prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with collection of a debt. 15 U.S.C. §1692d.

In order to find that ERC violated Section 1692d, you must determine that Ms. Jones proved by a preponderance of the evidence that the natural consequence of ERC's phone calls was to harass, oppress, or abuse Ms. Jones. In deciding whether the natural consequence was to harass, oppress, or abuse, you should not focus on ERC's intent but on the practical effect on the person on the receiving end of ERC's calls.

## Proposed Jury Instruction No. 15

### (Disputed)

### ERC's Proposed Instruction

Ms. Jones alleges that ERC violated Section 1692d(5) of the Fair Debt Collection Practices Act. Section 1692d(5) prohibits a debt collector from causing a telephone to ring or engaging a person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. §1692d(5)

In order to find that ERC violated Section 1692d(5), you must determine that Ms. Jones proved by a preponderance of the evidence that ERC caused Ms. Jones' telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass.

If you determine by a preponderance of the evidence that (1) ERC immediately stopped calling Ms. Jones after Ms. Jones asked ERC to place her on the Do Not Call list or (2) the volume and pattern of ERC's calls to Plaintiff was not indicative of an intent by ERC to harass Plaintiff, you must rule in favor of ERC. (*Hendricks v. CBE Group, Inc.,* 891 F.Supp.2d 892, 896.)

## Proposed Jury Instruction No. 15

## (Disputed)

**Ms. Jones' Proposed Jury Instruction:**

Ms. Jones alleges that ERC violated Section 1692d(5) of the Fair Debt Collection Practices Act. Section 1692d(5) prohibits a debt collector from causing a telephone to ring or engaging a person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass the person at the called number. 15 U.S.C. §1692d(5)

In order to find that ERC violated Section 1692d(5), you must determine that Ms. Jones proved by a preponderance of the evidence that ERC caused Ms. Jones' telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass Ms. Jones. In determining whether ERC intended to annoy, abuse, or harass Ms. Jones, you may consider (1) whether Ms. Jones asked ERC to stop calling and (2) the volume and pattern of the calls. *Kayyal v. Enhanced Recovery Co., LLC,* 2019 U.S. Dist. LEXIS 161475, at *6-7 (N.D. Ill. 2019); *Kube v. Creditors Collection Bureau, Inc.,* 2012 U.S. Dist. LEXIS 130350, at *4 (N.D. Ill. 2012); *Majeski v. I.C. Sys., Inc.,* 2010 U.S. Dist. LEXIS 1830, at *6-7 (N.D. Ill 2010).

**Proposed Jury Instruction No. 16**

**(Disputed)**

**ERC Proposed Instruction:**

Ms. Jones alleges that ERC violated Section 1692d(6) of the Fair Debt Collection Practices Act. Section 1692d(6) provides that it is a violation if a call is placed without meaningful disclosure of the caller's identity. 15 U.S.C. §1692d(6).

In order to find that ERC violated Section 1692d(6), you must determine that Ms. Jones proved by a preponderance of the evidence that ERC did not meaningfully disclosed its identity when it communicated with Ms. Jones.

If you determine by a preponderance of the evidence that ERC disclosed its identity when it communicated with Ms. Jones, you must rule in favor of ERC.

## Proposed Jury Instruction No. 16

## (Disputed)

## Ms. Jones' Proposed Instruction:

Ms. Jones alleges that ERC violated Section 1692d(6) of the Fair Debt Collection Practices Act. Section 1692d(6) prohibits a debt collector from placing telephone calls without meaningfully disclosing its identity. Meaningful disclosure means simply more than providing information; it means providing information in a way that a consumer is likely to understand it.[3]

In order to find that ERC violated Section 1692d(6), you must determine that Ms. Jones proved by a preponderance of the evidence that ERC did not meaningfully identify itself during a phone call with Ms. Jones in a way that Ms. Jones is likely to understand ERC.

---

[3] "Meaningful disclosure means simply more than providing the information; it means providing the information in a way that a consumer is likely to understand it." *See* Court's ruling on ERC's Motion for Summary Judgment. [Dkt. 55, pg. 8]

**Proposed Jury Instruction No. 17**

**ERC Proposed Instruction:**

Ms. Jones alleges that ERC violated Section 1692d(2) of the Fair Debt Collection Practices Act. Section 1692d(2) provides that it is a violation to use "obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. §1692d(2).

In order to find that ERC violated Section 1692d(2), you must determine by a preponderance of the evidence that ERC used obscene or profane language or language the natural consequence of which was to abuse Ms. Jones during its calls with Plaintiff.

If you determine by a preponderance of the evidence that ERC did not use obscene or profane language or language the natural consequence of which was to abuse Ms. Jones during its calls with Plaintiff, you must rule in favor of ERC.

4818-1056-6325.3

## Proposed Jury Instruction No. 17

### (Disputed)

**Ms. Jones' Proposed Instruction:**

Ms. Jones alleges that ERC violated Section 1692d(2) of the Fair Debt Collection Practices Act. Section 1692d(2) prohibits a debt collector from using obscene or profane language or language the natural consequence of which is to abuse the hearer for reader.

In order to find that ERC violated Section 1692d(2), you must determine that Ms. Jones proved by a preponderance of the evidence that ERC used obscene or profane language or language the natural consequence of which is to abuse Ms. Jones during any communication with Ms. Jones.

<u>**Proposed Jury Instruction No. 18**</u>

The Fair Debt Collection Practices Act specifically permits damages to be awarded against a debt collector who violates the FDCPA in any manner. For you to award damages to Ms. Jones in this case, it is not necessary to find that the ERC violated every provision of the FDCPA which I have discussed with you today. All that is necessary for you to award damages is a finding that ERC violated any provision of the Act.

First, actual damages may be awarded to Ms. Jones as a result of the failure of ERC to comply with the FDCPA. Actual damages not only include any out-of-pocket expenses but also damages for annoyance, aggravation, frustration, invasion of privacy, personal humiliation, embarrassment, mental anguish, and emotional distress. *Baker v. G.C. Services Corp.,* 677 F.2d 775, 780 (9th Cir. 1982) (emotional distress damages are compensable under the FDCPA); *Dowling v. Litton Loan Servicing, LP,* 2006 U.S. Dist. LEXIS 87098, at *33-34 (S.D. Ohio 2006) (finding actual damages recoverable under the FDCPA include emotional distress, humiliation, and embarrassment); *Esget v. TCM Fin. Servs. LLC,* 2014 U.S. Dist. LEXIS 8583, at *19 (E.D. Cal. 2014) ("While the FDCPA does not define 'actual damages, it is commonly accepted that damages stemming from emotional distress are compensable under the FDCPA."); *Teng v. Metropolitan Retail Recovery,* 851 F.Supp. 61, 69 (E.D. N.Y. 1994) (finding that "emotional distress is compensable as actual damages in a FDCPA case"); *Jordan v. John Soliday Fin. Group, LLC,* 2010 U.S. Dist. LEXIS 111715, at *6 (N.D. Ohio 2010) (FDCPA permits recovery of actual damages for emotional distress); *Howze v. Romano,* 1994 U.S. Dist. LEXIS 20547, at *9 (D. Del. 1994) (emotional distress is compensable as actual damages in a FDCPA case).

Second, there is no fixed standard or measure in the case of intangible items such as annoyance, aggravation, frustration, invasion of privacy, personal humiliation, embarrassment, mental anguish, and emotional distress. You must determine a fair and adequate award of these

items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial of this case.

## **Proposed Jury Instruction No. 19**

If you find that ERC violated any provision of the Fair Debt Collection Practices Act, then Ms. Jones may recover any actual damages that were caused by ERC's violation(s) of the Fair Debt Collection Practices Act. 15 U.S.C. §1692k(a)(1).

**<u>Proposed Jury Instruction No. 20</u>**

If you find that ERC violated any provision of the Fair Debt Collection Practices Act, then Ms. Jones may recover additional damages, which are often referred to as "statutory damages." Statutory damages are like a fine. You may award Ms. Jones statutory damages of up to $1,000. In determining the amount of statutory damages, if any, to award, you are to consider the following factors:

      a) the frequency and persistence of noncompliance by ERC;

      b) the nature of the noncompliance; and

      c) the extent to which the noncompliance was intentional.

      15 U.S.C. §1692k(b)(1)

## Proposed Jury Instruction No. 21

You will now return to decide the case. In order to prevail on her claims, Ms. Jones must sustain her burden of proof as I have explained to you with respect to each element of each of her claims. If you find that Ms. Jones succeeded in sustaining the burden on all the elements of a certain claim, you should return a verdict for Ms. Jones and against ERC for that claim

On the other hand, if after considering all of the evidence you conclude Plaintiff has failed to carry her burden of proof on a single essential element as to which she has the burden of proof, then you must find for ERC for that claim You may find for Ms. Jones on some claims and for ERC on others.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

## Proposed Jury Instruction No. 22

This case is important for Ms. Jones and for ERC. All parties, as well as the court, have expended a great deal of time, effort, and resources in seeking a resolution of this dispute. It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors. Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect. However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.

## **Proposed Jury Instruction No. 23**

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

## Proposed Jury Instruction No. 24

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**<u>Proposed Jury Instruction No. 25</u>**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Respectfully Submitted,

_/s/ Mohammed O. Badwan_
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com

_/s/ Stephen H. Turner_
Stephen H. Turner
*Counsel for Defendant*
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Ste. 4000
Los Angeles, CA 90071
(213) 250-1800
stephen.turner@lewisbrisbois.com

4818-1056-6325.3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing JOINT PROPOSED JURY INSTRUCTIONS was served via Court's electronic filing system, on February 28, 2020, to the following party:

> Mohammed Omar Badwan
> Ahmad Tayseer Sulaiman
> Joseph S. Davidson
> Sulaiman Law Group, Ltd.
> 2500 South Highland Avenue
> Suite 200
> Lombard, Illinois 60148
> T: 630.575.8181
> mbadwan@sulaimanlaw.com
> ahmad.sulaiman@sulaimanlaw.com
> jdavidson@sulaimanlaw.com
> *Attorneys for Plaintiff Tonya Jones*

> _/s/ Stephen H. Turner_
> Stephen H. Turner